**FROM: The District Court of the 2nd Judicial District. County of Silver Bow.**

**STATE OF MONTANA,**
    **Plaintiff,**         **NO. DC-96-113**
  **vs.**             **DECISION**
**Tommy J. Williams,**
    **Defendant.**

On May 19, 1997, the defendant was sentenced to a five (5) year commitment to the Department of Corrections for placement at Montana State Prison.

On August 19, 1999, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by David Wing. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to a five (5) year commitment to the Department of Corrections, with all time suspended. The defendant shall receive credit for time served. Conditions of the suspension shall be that the defendant be under the supervision of the Department of Corrections subject to the rules of probation; pay all the mandatory probation supervision fees and surcharges, and that the defendant make payments to the Clerk of Court in Silver Bow County as per the schedule set by defendant's probation officer; that the defendant obey all laws and conduct himself as a good citizen; that he not own, possess or control any firearms or ammunition or other deadly weapons; that he be subject to random blood, breath or urine screening tests for the presence of alcohol or drugs on request of his probation officer, without a warrant; that the defendant submit to a search of his personal residence or vehicle at the request of his probation officer, without a warrant; that the defendant obtain a chemical dependency evaluation from a certified counselor and obtain any counseling or treatment deemed necessary by the certified counselor, including but not limited to inpatient treatment at the defendant's expense; and, if the probation officer deems it necessary, that the defendant have a mental health evaluation. The reasons for the amended sentence are that the defendant is a nonviolent of-

fender; this sentence will better serve the interests of rehabilitation and take into account the considerable financial commitment that the prison stay would cost the state versus the lack of danger this man poses to the public; the defendant has a lengthy period of no prior criminal offenses; there is no identifiable victim in this offense, other than the defendant himself; any serious crimes were committed when the defendant was a teenager; and this sentence seems commensurate with sentences given for this type of offense under similar circumstances.

Done in open Court this 19th day of August, 1999.

DATED this 9th day of September, 1999.

**Acting Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson and Alt. Member, Hon. Robert Boyd**